UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CUSHAW BARNETT,         : | |
|     Plaintiff,         : | |
|                     : | |
| v.         : | C.A. No. 13-00137MML |
|                     : | |
| U.S.D.C. JUDGE STEVEN         : | |
| MCAULIFFE,         : | |
|     Defendant.         : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

      On March 25, 2013, Plaintiff Cushaw Banacek Barnett ("Barnett"), a prisoner held at Williamsburg-FCI in Salters, South Carolina, filed a hand-written *pro se* Complaint against New Hampshire District Judge Steven J. McAuliffe, seeking recovery of $1 million based on the Court's failure to dismiss his indictment pursuant to the Speedy Trial Act because the indictment was filed after "the 30-day indictment clock expired." A marginal note on the face of the Complaint appears to indicate that it purports to arise under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). On April 22, 2013, Barnett moved for leave to proceed *in forma pauperis* ("IFP"). After all of the judges in the District of New Hampshire recused, the matter was referred to the District of Rhode Island. ECF No. 13. The IFP motion is now ripe for determination.

      Barnett's IFP motion should be denied because he is a three-strike litigant under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which prohibits IFP status for a prisoner who has brought three or more cases that were dismissed as frivolous or for failure to state a claim. Indeed, as far as this Court is able to learn, Barnett is at least a four strike litigant:

>Strike One: Barnett v. Barbadaro, Civil No. 09-cv-281-SM, slip op. at 2-3 (D.N.H. Sept. 2, 2009) (complaint summarily dismissed as frivolous, for failure to state a claim and as seeking monetary relief from a defendant who is immune from such relief), aff'd, No. 09-2492 (1st Cir. May 21, 2010).
>
>Strike Two: Barnett v. Lynch, 1:12-cv-00051-JAW, slip op. at 1, 9 (D.N.H. May 17, 2012) (report and recommendation that case be dismissed as frivolous and for failure to state a claim); Barnett v. Lynch, 1:12-cv-00051-JAW, ECF No. 25 (D.N.H. May 31, 2012) (order approving report and recommendation); Barnett v. Lynch, 1:12-cv-00051-JAW, ECF No. 26 (D.N.H. June 6, 2012) (judgment entered consistent with report and recommendation).
>
>Strike Three: Barnett v. Levin, C.A. No. 1:12-cv-518-JJM, slip op. at 5, 6 (D.R.I. Feb. 25, 2013) (noting that Barnett had already been warned about three-strike rule, court finds that complaint fails to state a claim and orders it to be dismissed unless an amended complaint stating a cause of action is filed); Barnett v. Levin, C.A. No. 1:12-cv-518-JJM, Endorsed Order (D.R.I. Mar. 28, 2013) (dismissal with prejudice due to failure to file an amended complaint that satisfies Twombly/Iqbal pleading requirements).
>
>Strike Four: Barnett v. Massachusetts, Civil Action No. 13-10038-DPW, 2013 WL 210616 (D. Mass. Jan. 17, 2013); Barnett v. Massachusetts, Civil Action No. 13-10038-DPW, slip op. at 2 & n.1 (D. Mass. Mar. 11, 2013) ("I deem the dismissal of this action to be a decision on the merits for the failure to state claims" for purposes of the three-strike rule in 28 U.S.C. § 1915).

Under the PLRA, the only exception to the three-strike rule is for a case where the claims allege that the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). This exception is entirely inapt here, where the Complaint is based on the allegation that the District Court violated Barnett's rights under the Speedy Trial Act by refusing to dismiss the indictment. There is nothing in the pleading that hints of imminent danger of serious physical injury. Accordingly, Barnett is no longer entitled to proceed *in forma pauperis* – I recommend that his motion to proceed IFP be denied.[1]

---

[1] Barnett was well warned repeatedly that he was at risk of encountering the prohibition of the three-strike rule. See Barnett v. Massachusetts, Civil Action No. 13-10038-DPW, 2013 WL 210616, at *1 n.1 (D. Mass. Jan. 17, 2013) ("it does not appear that plaintiff is as yet a threestrike litigant. That circumstance may change . . . ."); Barnett v. Levin, C.A. No. 1:12-cv-518-JJM, slip op. at 5 (D.R.I. Feb. 25, 2013) ("Mr. Barnett again is informed that 28 U.S.C. § 1915(g) bars civil actions" proceeding IFP under three-strike rule).

In addition to recommending that the Court deny his motion to proceed IFP, I have also screened Barnett's Complaint pursuant to 28 U.S.C §§ 1915(e)(2), 1915A. Based on that review, I conclude that it is subject to dismissal as frivolous and for failing to state a claim upon which relief may be granted pursuant to both provisions; accordingly, I recommend that it be dismissed.

The target of this Complaint is a judicial officer, acting in his judicial capacity as the trial judge presiding over Barnett's criminal case. United States District Judge Steven J. McAuliffe is protected by absolute immunity under such circumstances because he was performing the judicial function when he engaged in the conduct attacked in Barnett's Complaint. Forrester v. White, 484 U.S. 219, 225 (1988) (absolute judicial immunity originated in medieval times to discourage collateral attacks on judicial decisionmaking and to insulate judges from vexatious actions by disgruntled litigants); Stump v. Sparkman, 435 U.S. 349, 362 (1978) (absolute immunity protects judicial officer performing functions normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity). For this reason alone, the Complaint is frivolous and should be summarily dismissed.

Further, the facts giving rise to this Complaint were also the basis for the claims addressed by Judge McConnell on February 25, 2013, and by Judge Woodlock on March 11, 2013. See Barnett v. Massachusetts, C.A. No. 13-10038-DPW, slip op. (D. Mass. Mar. 11, 2013); Barnett v. Levin, C.A. No. 1:12-cv-518-JJM, slip op. (D.R.I. Feb. 25, 2013). In both cases, Barnett had sued on the grounds that his criminal conviction and sentence should be voided because he was not indicted within the thirty-day time clock set forth in the Speedy Trial Act. In both cases, the court found the claim barred by the Favorable Termination Rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994). The same theory in this Complaint is barred for the same reason: Barnett "cannot establish the elements of a Bivens action until his conviction has

3

been declared invalid or otherwise impugned." Pandey v. Freedman, 66 F.3d 306, at *1 (1st Cir. 1995) (per curiam) (unpublished table decision) (quoting Stephenson v. Reno, 28 F.3d 26, 28 (5th Cir. 1994)).  This suit would necessarily imply the invalidity of his underlying sentence, which has not been called into question; therefore, his damage claim is "not cognizable under Heck."  Colon v. Special Agent Connolly, 78 Fed. App'x 732, 733 (1st Cir. 2003) (per curiam).

In light of the foregoing, I recommend that the motion for leave to proceed *in forma pauperis* be DENIED and that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii) (dismissal of suits that are frivolous, fail to state a claim on which relief may be granted and seek monetary relief from a defendant who is immune from such relief) and 28 U.S.C. § 1915A (dismissal of suits against governmental officers because they are frivolous, fail to state a claim on which relief may be granted and seek monetary relief from a defendant who is immune from such relief).

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days after the date of service.  See Fed. R. Civ. P. 72(b).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 6, 2013